LULU A. MARQUIS, APPELLEE, V. LEWIS C. MARQUIS, APPELLANT.

FILED MAY 6, 1921.   No. 21231.

Divorce: DECREE: MODIFICATION. Where, on appeal from a decree awarding a divorce from bed and board only, the pleadings and the findings of fact of the district court are sufficient to sustain a decree of divorce from the bonds of matrimony, this court may modify the decree so as to award an absolute divorce.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE.   Affirmed as modified.

Morrow & Morrow and Burkett, Wilson, Brown & Wilson, for appellant.

H. Leslie Smith, contra.

LETTON, J.

This was a suit for divorce brought by the plaintiff charging extreme cruelty on the part of the defendant. A cross-petition was filed by the defendant praying for a divorce on the ground of adultery. The court found that the charge of adultery had not been established by a preponderance of the evidence, and found facts which sustained the charge of extreme cruelty on the part of the defendant. A divorce a vinculo was denied and plaintiff was given a divorce from bed and board. Alimony was allowed her in the sum of $17,000, and it was ordered that $30 a month be paid for the maintenance of each of the three children whose custody was committed to the plaintiff. The custody of two other children was awarded defendant. Defendant appeals.

It would serve no useful purpose to relate the testimony in the case. The district court found, in substance,

that the charges made in the cross-petition as to adultery were not sustained, though plaintiff had been guilty of indiscreet conduct, found certain specific acts to have been committed by defendant which in law constitute extreme cruelty, and further found that "it is for the best interests of plaintiff and defendant that they should not have an absolute divorce." While we might have taken a different view of the testimony, the advantage that the opportunity of seeing the witnesses and hearing them testify gave the trial court is such that we believe we would not be justified in setting aside the findings of fact. The findings justify a divorce from the bonds of matrimony, and, when we consider all the facts in the case, we are of the opinion that the divorce should be absolute.

Coming now to the question of property rights, we are of the opinion that the allowance made was excessive, when it is considered that under the decree rendered the wife retained all her marital rights in the real estate of the husband. Plaintiff assisted to some extent in the accumulation of the property, though the extraordinary rise in the value of real estate was the main cause of the increase in the value of defendant's estate. An allowance of $20,000 as permanent alimony is made, payable in instalments of $5,000 at intervals of six months from the date of this decree, with interest at 6 per cent. per annum until paid. The order of the district court as to the custody, control and education of the three children awarded plaintiff, and the amount awarded for their support and maintenance, is affirmed, but the decree is modified to award the care of the child Viola to plaintiff, who has had her in her care and custody since the date of the decree, and an allowance of $30 a month for her maintenance from that date until she is 21 years of age is also awarded plaintiff. Additional suit money in the amount of $250 and additional attorney's fees in the sum of $400 are allowed.

The decree of the district court is modified to provide for an absolute divorce, and for allowances as stated.

AFFIRMED AS MODIFIED.